## Soto v. Frankford Hospital

This action was commenced by the filing of plaintiff's notice complaint on December 29, 1977. An "Amended Complaint" was filed on March 14, 1979.* A complaint in trespass and complaint in medical malpractice was filed on March 23, 1979. On the same day, plaintiff filed a motion to dismiss. It is with this motion that we are presently concerned.

Plaintiff questions our subject matter jurisdiction and we shall treat the motion as a petition raising a question of jurisdiction. A review of all the pleadings leads to the conclusion that the Arbitration Panels for Health Care lack jurisdiction over the subject matter of this dispute. Therefore, pursuant to Pa.R.C.P. 213(f), we shall transfer this action to the Court of Common Pleas for Philadelphia County.

A brief review of the facts surrounding this dispute, as presented in the various pleadings, substantiate this decision. It appears from a reading of plaintiff's complaint in trespass and complaint in medical malpractice, that Jenny Soto was admitted to the Frankford Hospital on November 3, 1976. She came under the care of the various individuals named in the complaint and was diagnosed as suffering from a drug overdose. She recovered and was discharged from the hospital on November 11, 1976. On November 30, 1976, her husband, Nelson Soto, died as a result of the inhalation of carbon monoxide caused by a leak emanating from an alleged defective heating system in their home.

---

*This document is a copy of plaintiff's amended complaint in a companion action filed with the United States District Court for the Eastern District of Pennsylvania, No. 77-3697.

It is Jenny Soto's contention that she too was suffering from carbon monoxide poisoning when she was treated at defendant hospital. She avers that had her condition been correctly diagnosed, the defect in the heating system would have been discovered and her husband would not have died. Nowhere is it alleged that decedent, Nelson Soto, received any health care services which either caused or contributed to his death. It appears that the only person having any contact with the named health care provider defendants was Jenny Soto. It should be noted that plaintiff did name various nonhealth care providers in the amended complaint filed in the United States District Court for the Eastern District of Pennsylvania and in our office. This fact, however, does not affect our decision.

Section 309 of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, §309, provides:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim *brought by a patient* or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." (Emphasis supplied.) 40 P.S. §1301.309.

The present action is brought by Jenny Soto, as administratrix of the estate of Nelson Soto, pursuant to the Wrongful Death Act, 12 P.S. §1601 et seq., and the Survival Act, 20 Pa.C.S. §3371 et seq.

The right to assert each of these statutory remedies arises initially from harm suffered by decedent. It is proper to file an action with this office under either or both of these statutes, the only condition being that decedent must have suffered the harm complained of *while receiving medical services* as a patient.

It is clear that Nelson Soto, the decedent in the instant action, suffered an injury; but is is equally clear that such injury did not result from the delivery of medical services. Absent a showing that decedent was a patient of the named defendants and that he suffered a loss or damage resulting from the furnishing of medical services, jursidiction of the Arbitration Panels for Health Care is lacking.

We therefore enter the following

## ORDER

And now, April 20, 1979, upon consideration of plaintiff's motion to dismiss filed March 23, 1979, it is hereby ordered and decreed that 30 days from the date this order is certified from the record, the action shall be transferred to the Court of Common Pleas of Philadelphia County, unless within that period of time plaintiff files a praecipe for discontinuance under Pa.R.C.P. 229.